# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TOMMY F. HAMILTON**                                                              **PETITIONER**

**VS.**                              **NO.  4:22-CV-00631-JM-ERE**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                           **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I.    INTRODUCTION

Petitioner Tommy F. Hamilton, an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction, has filed a 28 U.S.C. § 2254 petition seeking federal habeas relief. *Doc. 2*. For reasons that follow, the Court recommends that Mr. Hamilton's habeas petition be dismissed with prejudice.

## II.   BACKGROUND

In December 2018, drug task force officers used a confidential informant ("CI") to carry out three controlled purchases of methamphetamine from Mr. Hamilton at his home. *Hamilton v. State*, 2022 Ark. App. 122, 641 S.W.3d 678, 680 (Ark. App. 2022). The officers could not observe the house without being detected, but they watched the CI enter and exit the street where the house was located. And, because the CI was equipped with video recording equipment, the officers could listen to the transactions. *Id*. Immediately after each controlled purchase, the CI met with officers and handed over a video recording and methamphetamine, reportedly purchased from Mr. Hamilton. *Id*. For each purchase, the officers confirmed the CI's report by viewing video recordings of the transactions. *Id*.

In January 2019, officers executed a search warrant at Mr. Hamilton's home, seizing cash, drugs, a gun, and drug paraphernalia. *Id*. Subsequently, the State charged Mr. Hamilton with multiple crimes in the Circuit Court of Hempstead County, Arkansas. Mr. Hamilton filed a motion to suppress the evidence seized from his home, but the trial court denied the motion. *Id*.

On September 25, 2019, a jury convicted Mr. Hamilton of multiple drug-related offenses, and he was sentenced to 660 months in prison. *Doc. 1 at 1*.

On direct appeal to the Arkansas Court of Appeals, Mr. Hamilton argued that the trial court erred in denying his motion to suppress because the warrant affidavit

failed to establish the reliability of the CI or provide a nexus to the place to be searched. *Hamilton v. State*, 2020 Ark. App. 482, 612 S.W.3d 185, 188 (Ark. App. 2020).

On October 21, 2020, the Arkansas Court of Appeals affirmed Mr. Hamilton's convictions, holding that: (1) the warrant affidavit supplied sufficient indicia of the CI's reliability; and (2) Mr. Hamilton failed to preserve his "nexus" argument by presenting it to the trial court. *Id.*, 612 S.W.3d at 190.

Mr. Hamilton did not petition the Arkansas Supreme Court for discretionary review of the decision affirming his convictions.

On January 6, 2021, Mr. Hamilton filed a Rule 37 petition for post-conviction relief in the trial court, through counsel (hereinafter, "Rule 37 counsel"), asserting that his trial attorney rendered ineffective assistance by: (1) unnecessarily opening the door to his criminal history when questioning him during the guilt phase; (2) failing to object to the introduction of a non-certified 1995 conviction; and (3) failing to argue that the warrant affidavit lacked a nexus to the address to be searched. *Doc. 8-10 at 2*.

On May 11, 2021, the trial court entered a written order denying Mr. Hamilton's petition. *Doc. 8-10*.

Through Rule 37 counsel, Mr. Hamilton appealed the denial of postconviction relief, challenging *only* the trial court's rejection of his argument that his trial counsel

was constitutionally deficient by failing to argue that the search warrant affidavit supplied an insufficient nexus to his home. *Hamilton v. State*, 2022 Ark. App. 122, 641 S.W.3d 678, 682 (Ark. App., 2022). On March 9, 2022, the Arkansas Court of Appeals affirmed the denial of postconviction relief, holding that even if trial counsel had raised and preserved the nexus argument, "the good-faith exception would have applied . . . and . . . the evidence seized . . . would not have been excluded." *Id*.

Mr. Hamilton did not petition the Arkansas Supreme Court for discretionary review of the decision affirming the trial court's denial of post-conviction relief.

On July 8, 2022, Mr. Hamilton filed the § 2254 petition and incorporated brief before the Court. *Doc. 2*. Mr. Hamilton asserts the following grounds for relief:

(1) the trial court erred in denying his motion to suppress, and the Arkansas Court of Appeals erred in affirming that decision (*Id*. at 4, 13-17);

(2) trial counsel rendered ineffective assistance by: (1) failing to present "abundant evidence at the suppression hearing [and] the trial" (*Id. at 6, 19*); (b) unnecessarily opening the door to Mr. Hamilton's criminal history at trial (*Id. at 13, 21*); and (c) failing to object the introduction of an uncertified copy of a 1995 conviction (*Id.*); and

(3) the cumulative effect of multiple errors by trial and appellate counsel[1]

---

[1] In his petition and brief, Mr. Hamilton refers to ineffective assistance by "direct appeal counsel." *Doc. 2 at 6, 21*. However, Respondent correctly observes that Mr. Hamilton "offers no facts relating to direct appeal counsel, much less counsel's performance, or pointing to constitutional error which would warrant [federal habeas relief]." *Doc. 8 at 11*. Mr. Hamilton faults Rule 37 counsel for failing to reassert on appeal two ineffective assistance claims that he raised in his Rule 37 petition, and he argues that Rule 37 counsel's failure to preserve the claims on appeal serves as cause to excuse his procedural default of those claims. *Doc. 2 at 21*. Mr.

4

amounted to ineffective assistance of counsel and thwarted meaningful adversarial testing of the prosecution's case. *Id. at 9-21*.

On August 5, 2022, Respondent filed a response (*Doc. 8*), asserting the following grounds for dismissal: (1) Mr. Hamilton's claim that the state courts erred in rejecting his illegal search claim is not cognizable in federal habeas (*Id. at 5-6*); and (2) Mr. Hamilton's ineffective assistance claims are inexcusably, procedurally defaulted and without merit. *Id. at 6-12*.

On September 12, 2022, Mr. Hamilton filed a reply (*Doc. 10*) stating his general disagreement with Respondent's asserted grounds for dismissal.[2]

Thus, the issues are joined and ripe for review.

### III.   DISCUSSION

#### A.   Fourth Amendment

Mr. Hamilton contends that the trial court erred in denying his motion to suppress, and the Arkansas Court of Appeals erred in affirming that decision. *Doc. 2 at 4, 13-17*. Federal review of Mr. Hamilton's Fourth Amendment claim is barred under the Supreme Court's holding in *Stone v. Powell:* "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas

---

Hamilton does not, however, assert a stand-alone claim for ineffective assistance on the part of Rule 37 or direct appeal counsel.

[2] The Court granted Mr. Hamilton an opportunity to supplement his reply (*Doc. 12*), but he has not done so.

corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. 465, 481–82 (1976).

Under *Stone*, federal habeas review of Mr. Hamilton's Fourth Amendment claim is barred unless he shows that the State "provided no corrective procedures at all to address the alleged Fourth Amendment violation or that the State provided a corrective mechanism, but [he] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007) (quoting *Willett v. Lockhart*, 37 F.3d 1265, 1271-72 (8th Cir. 1994) (internal quotation marks omitted). Mr. Hamilton alleges no facts to support this required showing, and the undisputed record shows that he received full and fair review of his Fourth Amendment claim in state court. Accordingly, Mr. Hamilton's Fourth Amendment Claim is not cognizable in this federal habeas action.

### B.     Ineffective Assistance of Counsel

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c). Before filing a federal habeas petition, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim may be lost due to procedural default at any level of state court review--at trial, on direct appeal, or in the course of state post-conviction

proceedings. *Kilmartin v. Kemna*, 253 F.3d 1087, 1088 (8th Cir. 2001).

When a federal habeas petitioner fails to fully exhaust claims in state court and the time for doing so has expired, those claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A petitioner can obtain federal habeas review of a procedurally defaulted claim only if he can demonstrate: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice, such as the conviction of one who is actually innocent. *Coleman*, 501 U.S. at 750.

The record confirms that each of Mr. Hamilton's ineffective-assistance-of-counsel claims are procedurally defaulted. His claim faulting trial counsel's failure to present "abundant evidence" at the suppression hearing and at trial was *never* presented in state court. And his additional claims that trial counsel unnecessarily opened the door to his criminal history and failed to object to the introduction of an uncertified criminal conviction were abandoned on appeal from the denial of his Rule 37 petition.

Citing *Martinez v. Ryan*, 566 U.S. 1 (2012),[3] Mr. Hamilton argues that his procedural default is excused because Rule 37 counsel failed to preserve his

---

[3] In *Martinez v. Ryan*, 556 U.S. 1 (2012), the Supreme Court held that when a state requires a prisoner to raise an ineffective-assistance-of-counsel claim in a collateral proceeding, "a procedural default will not bar a federal habeas court from hearing a *substantial* claim of

ineffective-assistance-of-trial counsel claims. *Doc. 2 at 21*. The *Martinez* exception is much narrower than Mr. Hamilton proposes. First, the exception does not apply to defaults on appeal. *Thomas v. Payne*, 960 F.3d 465, 469 (8th Cir. 2020) (citing *Martinez v. Ryan*, 566 U.S. 1, 16) ("But an applicant *cannot* demonstrate cause for default by proving ineffective assistance resulted in the failure to *appeal* a Rule 37 court's ruling on an ineffective-assistance-at-trial claim."). The Eighth Circuit has explained:

> If the default occurs at the initial-review collateral proceeding, then postconviction counsel's ineffectiveness can provide cause. But when the default happens later, "after the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial," it cannot.

*Hartman v. Payne*, 8 F.4th 733, 736–37 (8th Cir. 2021) (quoting *Martinez*, 566 U.S. at 16). Mr. Hamilton's ineffective-assistance claims that trial counsel opened the door to his criminal history and failed to object to the introduction of an uncertified

---

ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez,* 566 U.S. at 17 (emphasis added). The *Martinez* Court explicitly declined to base its decision on constitutional grounds, such as a right to counsel in collateral proceedings, and described its decision as an "equitable ruling." *Martinez*, 556 at 16.

  In *Trevino v. Thaler*, 569 U.S. 413 (2013), the Supreme Court held that the equitable rule announced in *Martinez* applies when a state does not require a defendant to raise his ineffective-assistance claim in a collateral proceeding but nevertheless imposes a procedural framework that makes it "highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise an ineffective-assistance-of-trial-counsel claim on direct appeal." *Trevino,* 569 U.S. at 429. The Eighth Circuit subsequently held that *Martinez* and *Trevino* apply to cases arising in Arkansas. *See Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013)(finding the Arkansas's post-conviction appeal process does not "as a systematic matter," afford indigent defendants "meaningful review of a claim of ineffective assistance of counsel on direct appeal.").

conviction are not saved by the *Martinez* exception because he raised those claims in his Rule 37 petition and abandoned them on appeal.

The only claim potentially subject to the *Martinez* exception is the one that Rule 37 counsel failed to raise in the initial Rule 37 petition: that trial counsel rendered ineffective assistance by failing to present "abundant evidence" at the suppression hearing and at trial. However, the Court cannot find "cause" to excuse Mr. Hamilton's procedural default unless he shows that this defaulted claim is *substantial*, meaning that has "some merit." *Martinez,* 566 U.S. at 14. To make that showing, Mr. Hamilton must make a substantial case that: (1) his trial attorney performed deficiently by failing to present evidence at trial; and (2) the deficient performance prejudiced his defense. *Dansby v. Hobbs*, 766 F.3d 809, 834–35 (8th Cir. 2014) (requiring a substantial showing on both prongs of the *Strickland* standard to show that underlying ineffective-assistance claim is substantial and has some merit). If Mr. Hamilton's defaulted claim is either without merit or "wholly without factual support," it cannot be considered on federal habeas review. *Martinez*, 566 U.S. at 16.

Mr. Hamilton makes no effort to identify the "abundant evidence" that counsel failed to present at trial. He alleges only that his trial counsel "failed to call anyone as a witness at the suppression hearing; [neither] the confidential informant [nor] the Petitioner himself." *Doc. 2 at 19*. As explained above, Mr. Hamilton cannot

base constitutional error on the suppression hearing. Even if he could, he provides no details about the potential content of any uncalled witness's testimony, making it impossible to find that trial counsel's failure to call witnesses, at either the suppression hearing or trial, even arguably amounted to deficient performance. *Armstrong v. Kemna*, 534 F.3d 857, 867–68 (8th Cir. 2008) (quoting *Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007) ("Ordinarily, a defendant's failure to present some evidence from the uncalled witness regarding that witness's potential testimony ... would be fatal to an ineffective assistance of counsel claim."); *see also Williams v. Armontrout*, 912 F.2d 924, 934 (8th Cir. 1990) ("Decisions relating to witness selection are normally left to counsel's judgment and this judgment [should not] be second guessed on hindsight.").

Mr. Hamilton also makes no effort to explain how anything his counsel did or failed to do arguably prejudiced his defense. Given the overwhelming evidence of his guilt, including video evidence of him selling drugs and the seizure of drugs, cash and a gun from his house, it would be difficult for him to establish a substantial showing of prejudice based on his counsel's failure to call unidentified witnesses to provide unknown testimony.

Because Mr. Hamilton fails to allege facts to show that his underlying ineffective assistance claim has some merit, his procedural default cannot be excused under *Martinez*.

Finally, Mr. Hamilton does not assert that he is actually innocent, and his petition offers no support for such a claim. Accordingly, Mr. Hamilton's claims asserting ineffective assistance of trial counsel are inexcusably, procedurally defaulted.

## C.   Cumulative Error by Counsel

Mr. Hamilton contends that "the cumulative effect of counsels' multiple failings demonstrates that [his] attorneys' actions and inactions fell [below] professional norms." *Doc. 2 at 20-21*. In the Eighth Circuit, "a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." *Hall v. Luebbers*, 296 F.3d 685, 692–93 (8th Cir. 2002) (citations omitted). "[E]ach habeas claim must stand or fall on its own." *Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir. 1990) (citation omitted). Even if the law of this Circuit were otherwise, for reasons the Court has explained, each of Mr. Hamilton's ineffective assistance of counsel claims is inexcusably, procedurally defaulted and barred from federal habeas review.

## IV.   CONCLUSION

Mr. Hamilton's Fourth Amendment claim challenging rejection of his motion to suppress evidence is not cognizable in federal habeas, and his ineffective-assistance-of-counsel claims are procedurally defaulted.

IT IS THEREFORE RECOMMENDED that:

1.   Petitioner Tommy F. Hamilton's § 2254 Petition for Writ of Habeas Corpus (*Doc. 2*) be DISMISSED with prejudice.

2.   A Certificate of Appealability ("COA") be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[4]

DATED this 15th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] The COA should be denied because Mr. Hamilton has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).